UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZHONG HUA XU,

        Petitioner,

    v.                                25-CV-825-LJV
                                    DECISION & ORDER

KRISTI NOEM et al.,

        Respondents.

       On September 8, 2025, the petitioner, Zhong Hua Xu, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court. *Id.* On September 11, 2025, this Court held a status conference to issue a briefing schedule on Xu's petition. *See* Docket Item 5. The Court ordered the respondents to respond to Xu's petition by September 19, 2025, and Xu to reply by September 26, 2025. *Id.*

        On September 18, 2025, the respondents moved to dismiss the petition. Docket Item 6. Among other things, the respondents asserted that Xu had a final order of removal pending; for that reason, the defendants argued, Xu's detention was proper under 8 U.S.C. § 1231 because he has not and cannot provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Docket Item 6-3 at 5-6 (quoting *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

        Xu did not respond to that motion, and the time to do so passed. *See* Docket Item 5. So on October 6, 2025, this Court issued a text order sua sponte granting Xu an extension of time until October 10, 2025, to oppose the respondents' motion to dismiss. Docket Item 7. When Xu still did not respond by the deadline, the Court ordered him to show cause "why his petition should not be deemed abandoned" based on his failure to

respond. Docket Item 8; see, e.g., *Bostic v. Spaulding*, 483 F. Supp. 3d 19, 24 (D. Mass. 2020) (finding that petitioner who "did not timely respond to the motion to dismiss... and still did not respond when the court extended the deadline... but advised him that it would treat the motion as unopposed if he did not timely respond" had "abandoned [his] petition"); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (noting that because the plaintiff failed to respond to a motion to dismiss, the Court "may deem [the plaintiff's] claims as abandoned"); *Palmer v. BCE Inc.*, 2004 WL 1752601, at *2 (W.D.N.Y. Aug. 4, 2004) (finding that the plaintiff's "failure to respond to [the] defendant's motion to dismiss evidences his abandonment of the action").

Xu failed to respond to this Court's order to show cause, and the time to do so has passed. Accordingly, the Court deems Xu's claims abandoned. Moreover, in light of Xu's failure to respond, the Court has no reason to doubt that his detention is—as the respondents say—authorized under 8 U.S.C. § 1231. For all those reasons, the Court GRANTS the respondents' motion to dismiss, Docket Item 6. This Court's order requiring 72 hours' notice prior to removing the petitioner, see Docket Items 2 and 4, is no longer in place. The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   October 28, 2025
         Buffalo, New York

                                                       **/s/ Lawrence J. Vilardo**
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE